ELIZABETH READ, Respondent, *v.* THE CITY OF BUFFALO, Appellant:

*Judgment of de facto Judge cannot be collaterally impeached.*

It is sufficient to sustain a judgment that the Judge presiding at the trial and judgment was a de facto judge at the time. His judicial acts, so far as they affect third parties, cannot be collaterally impeached.

Appeal from the Superior Court of the city of Buffalo. The action was upon a judgment for $77.20, recovered in Justice's Court in that city (before Justice Merrill), on the 3d of January, 1856.

The cause was tried before Judge Clinton, without a jury, and the only question involved was whether Merrill was a magistrate, either de jure or de facto, at the time the judgment was rendered.

The material facts were these: In January, 1852, Mr. Merrill entered upon the discharge of his official duties, having been duly elected as a justice of the peace in and for the city of Buffalo, for the full term of four years. His successor in office was elected for a like term in November, 1855, and did not qualify and enter upon the discharge of his official duties until the first Monday in January, being the seventh day of that month, and the time fixed by law as the commencement of his term of office.

On the 22d of December, 1855, the Plaintiff commenced an action against the city, before Justice Merrill, for the destruction of her private sewer. Issue was joined, and the trial was commenced on the 29th of December. Before its conclusion, the cause was adjourned to the 31st of December, when it was again adjourned, by consent, to the 2d of January. On that day the Defendant did not appear, and the Plaintiff obtained a continuance until the following day, when the trial was concluded, and judgment was rendered for the Plaintiff.

The judge held that the term of office of the justice expired on the 31st of December, and, being of opinion that the judgment was void, he dismissed the Plaintiff's complaint. The

Plaintiff appealed, and the judgment was reversed at the General Term, and a new trial ordered—all the judges being of opinion that Merrill was a magistrate de facto, if not de jure.  The opinion of the Court was delivered by Masten, J.

The Defendant appealed from the order granting a new trial, stipulating for judgment absolute in favor of the Plaintiff, in case of affirmance in this Court.

*George S. Wardwell* for Appellant.
*Wm. H. Greene* for Respondent.

PORTER, J.—As the law stood when Merrill was elected, his term of office extended to the 1st day of January, 1856.  In the amended charter of the city of Buffalo, which was adopted in 1853, the Legislature designated the first Monday of January as that on which, thereafter, the term of justice and other city officers should commence.    Under this provision the justice assumed that his time did not expire until the commencement of the term of his successor in office, and he accordingly continued to discharge his duties as a magistrate until he was succeeded by the new incumbent, on the first Monday of January.   The theory of the Defendant is, that his term expired on the last day of December, and that the effect of the change in the charter was to produce an interregnum of a week, during which, so far as this office was concerned, the administration of justice in the city of Buffalo was suspended.

It is unnecessary to determine the question whether the magistrate was right in retaining his place until the qualification of his successor.   It is sufficient that he was an officer de facto, discharging the duties of his position under color of legal title.   His judicial acts, so far as they affected only the rights of other persons, were not subject to collateral impeachment, on the ground that he was no longer a magistrate de jure.   The office was continuing in its nature, and, as he was in undisputed possession, under apparent authority of law, his title could only be questioned in a proceeding directly involving that issue.   The rule on this subject is founded on considerations of public policy, and its

maintenance is essential to the preservation of order, the security of private rights, and the due enforcement of the laws (Parker *v.* Baker, 8 Paige, 428; Weeks *v.* Ellis, 2 Barbour, 320; Greenleaf *v.* Low, 4 Denio, 170; Wilcox *v.* Smith, 5 Wendell, 233).

The order granting a new trial should be affirmed, with judgment absolute for the Plaintiff.

All the judges concurring,

Judgment affirmed.