WILLIAM A. CURTIN, Respondent, *v.* WILLIAM E. BARTON, Appellant.

The legislature has power under the State Constitution (§ 19, art. 6) to establish in a city an inferior local court of civil and criminal jurisdiction.

This court will not enter upon an examination as to the power of the legislature to enact a given law unless it be necessary in order to determine questions appearing upon the record.

The title of one who is discharging judicial duties under color of legal title can only be questioned by the state under whose authority he is invested with the character of an officer *de facto.*

Where, therefore, a court with competent jurisdiction is established, a suitor therein may not be defeated or embarrassed by questions relating to the title to his office of the judge who presides in the court. Accordingly *held,* that the act of 1892 (Chap. 342, Laws of 1892) "to establish a local court of civil'jurisdiction in the city of Syracuse, to be called the 'Municipal Court of the City of Syracuse,'" so far as it established said court, is constitutional; that the question as to whether the provision (§ 1) authorizing the governor to appoint the first judges of that court is constitutional could not be presented on a trial in said court or on appeal from a judgment thereon; that the provision of said act (§ 2) giving to said court "the same jurisdiction over the persons of defendants as is now possessed by Justices' Courts of towns" is descriptive of the character rather than the territorial extent of the jurisdiction, and taking the whole act together, the intention is manifest to create a court the jurisdiction of which shall be confined to the limits of the city; that the act is not violative of the constitutional provision (§ 16, art. 3) prohibiting the passage of a local act embracing more than one subject; and that the provisions (§§ 14, 15) of the act making the provisions of the Code of Civil Procedure in reference to the jurisdiction of Justices' Courts applicable to said court is not in conflict with the constitutional provision declaring that "no act shall be passed which shall provide that any existing law, or any part thereof, shall be applicable, except by inserting it in such act" (§ 17, art. 3).

(Argued June 21, 1893; decided October 24, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 7, 1893, which affirmed a judgment of the County Court of Onondaga county affirming a judgment in favor of plaintiff, of the Municipal Court of the city of Syracuse.

The facts, so far as material, are stated in the opinion.

*Charles H. Peck* for appellant. The act is void for attempting to confer upon a local court non-local jurisdiction. (Const. N. Y. § 19 ; *Geraty* v. *Reid,* 78 N. Y. 64; *Landers* v. *S. I. R. R. Co.,* 53 id. 450 ; *Hoag* v. *Lamont,* 60 id. 96 ; *Wheelock* v. *Lee,* 74 id. 495 ; *People* v. *Porter,* 90 id. 68 ; *Code Civ. Pro.* § 2869 ; *People ex rel.* v. *Terry,* 108 N. Y. 7 ; *Lawton* v. *Steele,* 129 id. 241 ; *Wynhamer* v. *People,* 13 id.

378 ; *People* v. *Comrs.*, 54 id. 278 ; *People* v. *Albertson*, 55 id. 57 ; *Jones* v. *Jones*, 104 id. 234 ; *People* v. *Allen*, 42 id. 404 ; *Waters* v. *Langdon*, 40 Barb. 408.)    The act is void by attempting to make applicable the practice regulations of Justices' Courts by mere reference to them.    (*Waters* v. *Langdon*, 40 Barb. 408 ; *People* v. *Banks*, 67 N. Y. 588 ; *In re U. F. Co.*, 90 id. 158 ; *People* v. *Lorillard*, 135 id. 285 ; Code Civ. Pro. § 2869.)    The provisions for the appointment of the judges by the governor are unconstitutional, and render the act void.    (Const. N. Y. art. 6, §§ 18, 19 ; *Wenzler* v. *People*, 58 N. Y. 521, 524 ; *Geraty* v. *Reid*, 78 id. 64 ; *People* v. *Albertson*, 55 id. 57 ; *People ex rel.* v. *Porter*, 90 id. 68, 75 ; *Mangham* v. *City of Brooklyn*, 98 id. 591 ; *N. Y. & O. R. R. Co.* v. *Van Horn*, 57 id. 477 ; Cooley on Const. Lim. 77.) It is erroneously contended that, if the appointive provisions of the act are contrary to the Constitution, and the act is otherwise valid, the office of judge is legally created and existent, and, therefore, the present judges are judges *de facto*, and their proceedings and judgments cannot be challenged on the ground that the judges are unconstitutionally appointed ; that the only manner in which the legality of their appointment can be questioned is by quo warranto. (*Norton* v. *Shelby County*, 118 U. S. 442 ; *People* v. *Toal*, 85 Cal. 333 ; *Long* v. *Mayor, etc.*, 81 N. Y. 425 ; *People* v. *White*, 24 Wend. 542, 567 ; *Nichols* v. *McLean*, 101 N. Y. 538 ; *People* v. *Albertson*, 55 id. 53, 54 ; *People* v. *Porter*, 90 id. 70, 71 ; Dillon on Mun. Corp. [4th ed.] § 276 ; *People* v. *Blake*, 49 Barb. 12 ; *In re Whiting*, 2 id. 518 ; *In re Baker*, 11 How. Pr. 418 ; *Hamlin* v. *Dingman*, 5 Lans. 64 ; *Mayor, etc.*, v. *Tucker*, 1 Daly, 111 ; *Lambert* v. *People*, 76 N. Y. 220, 236 ; *In re Hinkel*, 31 Kan. 712 ; *Conway* v. *City of St. Louis*, 9 Mo. App. 488 ; *In re Snyder*, 64 Mo. 58 ; *Everett* v. *Parks*, 62 Barb. 10 ; *Carter* v. *Dallmore*, 2 Lund. 222 ; *Arbertis* v. *McCready*, 2 E. D. Smith, 39 ; *Gormly* v. *McIntosh*, 22 Barb. 271 ; *Striker* v. *Mott*, 6 Wend. 465 ; *Kundolf* v. *Thalheimer*, 12 N. Y. 593 ; *Wenzler* v. *People*, 58 id. 514 ; *People* v. *Bork*, 96 id. 199.)

*W. S. Andrews* for respondent. The act in question is not in conflict with article 3, section 16 of the Constitution of this state, providing that " No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." (Laws of 1871, chap. 461; *Harris* v. *People,* 59 N. Y. 599; Laws of 1873, chap. 538; *People* v. *Wenzler,* 58 N. Y. 516; *Astor* v. *A. R. Co.,* 113 id. 93; *In re Gas Co.,* 85 id. 526–529; *People* v. *Briggs,* 50 id. 553; *In re Blodgett,* 89 id. 392.) The act does not violate article 3, section 17 of the Constitution of the state, providing that " No act shall be passed which shall provide that any existing law, or any part thereof, shall be applicable, except by inserting it in such act." (*People* v. *Banks,* 67 N. Y. 568; *Bergman* v. *Wolf,* 33 N. Y. S. R. 499; *In re Lorillard,* 36 id. 231; *Weinckie* v. *R. R. Co.,* 39 id. 584; *People* v. *Squire,* 107 N. Y. 593, 601.) The act in question is not in conflict with section 18 of article 6 of the Constitution. (*People* v. *Draper,* 15 N. Y. 533; *People* v. *Batchelor,* 22 id. 128; *People* v. *Pinckney,* 32 id. 381; *People* v. *Woodruff,* Id. 365; *People* v. *Palmer,* 52 id. 83; *N. Y. F. Dept.* v. *S. Co.,* 106 id. 578.) The court created by this act is a local court, and does not violate section 19, article 6 of the Constitution. (*In re Village of Middletown,* 82 N. Y. 196; *Brandon* v. *Avery,* 22 id. 469; *Geraty* v. *Reid,* 78 id. 64; *People* v. *Perry,* 108 id. 1; Laws of 1890, chap. 55; Laws of 1891, chap. 191; Laws of 1892, chap. 182; Laws of 1885, chap. 396; Laws of 1886, chap. 84; Laws of 1888, chap. 212.) The objection that the court created herein is not specifically given the power to hear and determine is of no importance. (*State of Rhode Island* v. *Massachusetts,* 12 Pet. 657.) The court being legally and constitutionally constituted, the judges are *de facto* officers, and their acts cannot be questioned in a collateral proceeding. (*Carpenter* v. *People,* 64 N. Y. 493; *Reed* v. *Buffalo,* 3 Keyes, 447; *People* v. *Petrea,* 30 Hun, 110; *State* v. *Cahill,* 38 Conn. 449.)

O'BRIEN, J. The judgment in this case was rendered in the Municipal Court of Syracuse, and the only ground upon

which it is questioned here is the want of jurisdiction in that court to render it. The defendant's counsel insists that the court has no legal existence or organization, as the statute upon which its powers and functions must rest is in conflict with certain provisions of the State Constitution and, therefore, void. This presents a question of the gravest character as it not only brings in question the power of the legislature, but the jurisdiction and very existence, in point of law, of at least one, and possibly many, of the local courts constituting a part of the judicial system of the state.

The court in which this judgment was given has no powers except such as the legislature could and did confer upon it by the act passed for the purpose of its creation. That statute is chapter 342 of the Laws of 1892, entitled "An act to establish a local court of civil jurisdiction in the city of Syracuse, to be called the 'Municipal Court of the city of Syracuse,' and to amend the charter of said city."

By the first section of· the act it is declared that such a court with such jurisdiction and powers as thereinafter enumerated, is thereby established, and it is made the duty of the governor, as soon as the act took effect, to appoint two judges of the court, whose duty it should be to organize and hold the court as provided in the act. By the second section the judges were. to enter upon their duties on the first day of January, 1893, one of whom was to hold office for five years and the other six years, the term of each to be designated by the governor when making the appointment, and they were required to take and file the constitutional oath of office before entering upon their duties.

The third section provides for the election of the judges at the annual charter election to be held in the city next preceding the close of the term of the governor's appointees, and thereafter as the term, which was fixed at six years, should expire. The next section provides for vacancies, and in several sections following the powers and duties of the judges and the several subjects to which the jurisdiction of the court was to extend are specified and enumerated. None of these provis-

ions are material to the question involved in the appeal, except the twelfth section, which provides that " said court shall have the same jurisdiction over the persons of defendants as is now possessed by Justices' Courts of towns, pursuant to the provisions of section twenty-eight hundred and sixty-nine of the Code of Civil Procedure, and for the purpose of conferring jurisdiction of the person the said city of Syracuse shall be deemed a town and said court a Justice's Court thereof."

The most serious objection to this act grows out of the provision authorizing the governor to appoint the first judges. The court was so organized when the judgment under review was given, and it is claimed that the legislature had no power to appoint or provide for the appointment of the judges. The solution of the question depends upon the construction to be given to section nineteen and the last clause of section eighteen, article six of the Constitution. If the words, " all other judicial officers in cities," contained in the last clause of section eighteen, are applicable only to officers and courts existing when the Constitution went into effect, and if it can be held that this court could have been legally constituted and the judges clothed with their official character under section nineteen, then the legislature clearly had the power to provide for the appointment of the judges by the governor and senate. It may be difficult to construe these provisions in such a way as to give both full effect and in a manner that would exclude any doubt that the intention of the framers of the Constitution had been ascertained and enforced. There is no doubt, however, in regard to the power of the legislature to establish an inferior local court of civil and criminal jurisdiction in a city under section nineteen, the only question here being as to the power to appoint the judges or confer this power upon the governor. We do not deem it necessary to decide that question in this case. This court will not enter upon an examination of the powers of the legislature to enact a given law unless it be necessary in order to determine questions appearing upon the record. If there are other questions in the case decisive of the rights of the parties, without ques-

tioning the power of the legislature to enact a statute, we will postpone the inquiry until the necessity for the examination is imperative. (*Doyle* v. *Metropolitan El. Railway Co.*, 136 N. Y. 505; *People* v. *Rosenberg*, 138 id. 410.)

Whatever may be said with respect to the power of the legislature to provide for the appointment of the judges, nothing can be urged against its power to establish the court. Nor can it be doubted that the statute in question does in fact establish such court if the objections which are based upon other provisions of the Constitution, hereafter noticed, are not good. The judges were in fact appointed by the governor, were in possession of the office engaged in discharging the duties under color of such appointment. They were, therefore, officers *de facto*, discharging judicial duties under color of legal title, and such title can be questioned only by the state under whose authority they were invested with the character at least of *de facto* officers. This principle is founded on considerations of public policy, and its maintenance is essential to the preservation of order, the security of private rights and the due enforcement of the laws. Moreover, it is sanctioned by abundant authority. (*Carpenter* v. *People*, 64 N. Y. 493; *State* v. *Carroll*, 38 Conn. 449; *Reed* v. *Buffalo*, 3 Keyes, 447; *People* v. *Petrea*, 30 Hun, 110.) The incumbent of the office is not a party to this action. His title to the office is not in question directly, as in the cases where an action in the nature of a quo warranto is brought by the attorney-general or where he brings the suit himself to recover the salary. When a court with competent jurisdiction is duly established, a suitor who resorts to it for the administration of justice and the protection of private rights should not be defeated or embarrassed by questions relating to the title of the judge, who presides in the court, to his office. If the court exists under the Constitution and laws and it had jurisdiction of the case, any defect in the election or mode of appointing the judge is not available to litigants. Such questions must be raised by some action or proceeding to which the judge himself is a party and where the issue as

to the validity of his election or appointment is directly involved. It would be an unseemly proceeding derogatory to the dignity of the court and subversive of all respect for the orderly administration of justice to permit private litigants to enter upon an inquiry as to the title of the judge, before whom the action is pending, to his office. Of course, if such an inquiry is permissible, the very judge whose official existence is in question, must, in the first instance at least, determine it and thus he is compelled to violate a fundamental principle in all proceedings of a judicial nature, which precludes a person from acting as a judge in his own case or in respect to a question in the result of which he has a personal interest. If this judgment is void for the reason that the legislature had no power under the Constitution to provide for the appointment of the judge by the governor and senate, so are all other judgments rendered since the court was organized. The principle of permitting private litigants to raise such questions would thus be productive of intolerable confusion and mischief and cannot be sanctioned. The defendant was summoned to appear in a court which had been established by law, whether the method of selecting the judge was valid or not. The judge was in possession of the office and engaged in the discharge of its duties and in the exercise of its powers under the authority of a commission from the governor and an act of the legislature. So long as the government permits him to hold the office and to discharge its functions, the constitutional validity of his appointment is a question that does not concern the defendant.

That part of the statute which provides for the appointment of the judges is separable from all the other provisions, and, hence, even if invalid, there would still remain distinct enactments for the creation and existence of the court, defining its powers and jurisdiction. There was, therefore, a court legally constituted, and a judge acting under color of authority, whose official acts were valid and binding as to the public and third parties until by some direct proceeding by the sovereign power he is ousted, or his commission adjudged

to be void. The further point is made against the validity of the act that the court is not local, but its jurisdiction is extended by section twelve over adjoining towns into which process may be sent by the terms of the act. Without inquiring whether that objection would affect the jurisdiction of the court in this case, even if the language of the section was not open to any other construction, it is sufficient to say that, reading the whole act together, the intention to create a court, the jurisdiction of which should be confined to the limits of the city of Syracuse, is manifest. That construction being reasonable and in favor of the validity of the statute, it should be adopted, rather than the contrary. The words of section twelve are descriptive of the character rather than the territorial extent of the jurisdiction. That was fixed by the general words clearly indicating the purpose to create nothing more than a local city court. Words of the same import are to be found in other acts creating local courts, and this court has given to them the same construction. (*Brandon* v. *Avery*, 22 N. Y. 469; *Geraty* v. *Reid*, 78 id. 64; *People ex rel.* v. *Perry*, 108 id. 1.)

The objection that the act contains more than one subject, and, therefore, violates article three, section sixteen of the Constitution, is also untenable. The only ground upon which this point is based is that whereas the general purpose of the act was to establish a local court, section twenty-five abolishes the office of justice of the peace in the city, and repeals certain provisions in relation to Justices' Courts. The general purpose of the act was to establish a local court in place of that held before by justices of the peace, with somewhat more extensive jurisdiction. The abolition of the office of justice of the peace and of the inferior tribunal called a Justice's Court, was so connected with and pertinent to the whole scheme that it did not, within settled rules, constitute another or different subject. (*Harris* v. *People*, 59 N. Y. 599; *Wenzler* v. *People*, 58 id. 516; *Astor* v. *Arcade R. Co.*, 113 id. 93; *Sweet* v. *City of Syracuse*, 129 id. 331.)

In regard to the objection that as sections fourteen and fifteen provide that the provisions of the Code shall apply to the court, and that it shall have the same jurisdiction over the person of the defendant as Justices' Courts, the act is in conflict with article three, section seventeen of the Constitution, which provides that "no act shall be passed which shall provide that any existing law, or any part thereof, shall be applicable, except by inserting it in such act." All that is necessary to say is that the current of authority in this court has settled the question the other way. (*People* v. *Banks,* 67 N. Y. 568; *People ex rel.* v. *Squire,* 107 id. 593; *People ex rel.* v. *Lorillard,* 135 id. 285.)

The conclusion, therefore, is, that the court was legally constituted, and the judgment should be affirmed.

All concur.

Judgment affirmed.