In the Matter of the Application of JOHN QUINN for a Writ of Habeas Corpus, Respondent; THE PEOPLE OF THE STATE OF NEW YORK, by THEODORE E. HANCOCK, Attorney-General, Appellant.

1. OFFICER DE FACTO.  There can be no officer *de facto* when there is no office to fill.

2. CONSTITUTIONALITY OF CH. 601, L. 1895 — OFFICER DE FACTO.  A warrant issued by a former police justice of the city and county of New York, after the abolition of his office and the right to discharge its

functions had been terminated by chapter 601, Laws of 1895, which was a valid exercise of legislative power, cannot be upheld as the act of an officer *de facto*, when it does not appear that there was any open or notorious exercise by him of the duties of the abolished office, or that he was in the apparent possession of it, or had the reputation of continuing to fill it, although he claimed the statute was unconstitutional.

(Argued January 19, 1897; decided March 2, 1897.)

APPEAL by permission from an order of the Appellate Division of the Supreme Court in the second judical department, entered December 7, 1896, which affirmed an order of Special Term in habeas corpus proceedings discharging the respondent from the custody of a marshal of the city of New York.

The facts, so far as material, are stated in the opinion.

*George Hoadly* and *Matthew Hale* for appellant upon the points argued in *Stenson* v. *Koch* (*ante*, p. 87).

*Robert Earl* for appellant upon points argued in *Koch* v. *Mayor, etc.* (*ante*, p. 74).

*William Sullivan* for respondent.   Section 22 of article 6 of the Constitution does not restrict the legislature in the exercise of any law-making power vested in it by antecedent provisions.   The Constitution makers did not intend to change the tenure of office of the " justices of the peace and other local judicial officers in office " when the Constitution was adopted ; all of whom would have been entitled to " hold their offices until the expiration of their respective terms," if section 22 had been omitted.   The section has no other than declaratory force, and was inserted merely *ex abundanti cautela*. (*Missouri* v. *Hermann*, 11 Mo. App. 43 ; *North Dakota* v. *Faussett*, 1 N. D. 190.)

VANN, J.   On the 22d of October, 1895, John Quinn was arrested by Edward A. Murray, a marshal of the city of New York, upon a warrant issued by John J. Ryan, claiming to be

a police justice of said city, and detained until the 9th of November following, when a writ of habeas corpus in the usual form was issued by a justice of the Supreme Court to inquire into the cause of such detention. By the return of the marshal it appeared that said John J. Ryan was duly appointed a police justice for the city and county of New York prior to the first of January, 1895; that he qualified and entered upon the discharge of the duties of said office, and that the period for which he was appointed had not expired when the arrest was made; that chapter 601 of the Laws of 1895, entitled "An act in relation to the inferior courts of criminal jurisdiction in the city and county of New York," passed May 10, 1895, which in terms abolished the office of police justice in said city and county from and after midnight of the 30th day of June, 1895, was, as to the said John J. Ryan, unconstitutional and void; that said Ryan at the time he issued said warrant lawfully held and still holds the office of police justice of the city and county of New York, and had jurisdiction and authority to issue the same; that when it was placed in the hands of the marshal for execution it became his duty as a peace officer to arrest said John Quinn, and that he did so in the city of Brooklyn, after first having the warrant indorsed by a police justice of the last-named city, and that said Quinn was still in his lawful custody under and by virtue of said warrant.

Quinn interposed an answer to the return alleging that the warrant and the indorsement thereon were invalid, null and void because said Ryan, who issued the warrant claiming to be a police justice, was not such at the time he issued it, and had no jurisdiction or authority to act; that he ceased to be a police justice from and after midnight of the 30th of June, 1895, that office having been then abolished by chapter 601 of the Laws of 1895, a constitutional act; that by means of the premises there was no valid warrant for the marshal to execute, and that what he did was without any power or authority recognized by law.

Upon the hearing by the Special Term, after due inquiry into

the facts, the answer was sustained and said Quinn discharged from custody, and upon appeal to the Appellate Division the order was affirmed, but leave was granted to appeal to this court, and this appeal was accordingly brought. ·

We held in *Koch* v. *Mayor* (152 N. Y. 72) that the enactment of chapter 601 of the Laws of 1895 was a valid exercise of legislative power ; that the effect thereof was to abolish the office of police justice in the city and county of New York, and that when the office ceased to exist the terms of the incumbents also ceased, the same as if they had terminated by the lapse of time. It is claimed, however, that the officer, by holding over after the office was abolished, was police justice *de facto*, and that his acts· are valid so far as they affect the public and third persons. (*People* v. *Cook*, 8 N. Y. 67, 88.)

We think that there can be no *de facto* officer when there is no office to fill. The act of the legislature was notice to all that the office had been abolished and that no one was authorized to discharge its functions after midnight of June 30, 1895. After that date there could be no appearance or color of right to induce the public to ask for or yield to action, official in form, on the part of the former police justice, in the belief that he was still the officer that he assumed to be. It does not appear that there was any open or notorious exercise by him of the duties of the abolished office, or that he was in the apparent possession of it, or had the reputation of continuing to fill it. There was no office in fact, and he had neither the name nor indicia of the office which formerly existed. Under such circumstances there could be no reasonable presumption that he was the officer that he pretended to be, and hence his acts were without that protection, which, upon principles of policy and justice, the law extends to those of an officer *de facto*.

The order should be affirmed.

All concur.

Order affirmed.