(26 Misc. Rep. 233.)

PEOPLE ex rel. HOWARD v. BOARD OF SUP'RS OF ERIE COUNTY.

(Supreme Court, Special Term, Erie County. February, 1898.)

1. COURTS—STARE DECISIS.

> A decision by the supreme court, after a full consideration, as to whether a vacancy existed in the office of county supervisor, where immediately acted on by all the parties interested, in the ensuing election, will not be re-examined by such court in a mandamus case brought after the election.

2. DE FACTO OFFICERS.

> An officer acting without color of right, inasmuch as his term has expired, and his successor has been elected, but not allowed to act, is not a de facto officer.

**3. MANDAMUS—TITLE TO OFFICE.**

Where there are no disputed questions of fact, and relator's title to an office, under such facts, is clear, as a matter of law, mandamus lies to compel his installment and recognition as such officer.

**4. SAME.**

The referring the question of the right of a supervisor to the office to a committee of the board of supervisors, where no report of the committee had been made in three weeks, and up to the time of the hearing in the mandamus proceedings, and no excuse for such delay offered, is insufficient to show the relator has not been denied the privileges of his office, where the affidavits of the chairman and clerk of the board manifest the settled intention of the board to deprive relator of his office until a decision by a court entitling him thereto.

Application by the people, on the application of Frederick Howard, for writ of peremptory mandamus to compel the board of supervisors of Erie county to place relator's name on the roll of members, allow him to vote, and recognize him as a member of the board from the Twenty-Fourth ward of the city of Buffalo, N. Y. Granted.

Simon Fleischmann and Tracy C. Becker, for the motion.
John W. Fisher, opposed.

CHILDS, J. At an election held in November, 1897, one Thomas Tilson was duly elected a member of the board of supervisors of Erie county from the Twenty-Fourth ward in the city of Buffalo for the term of two years, beginning January 1, 1898, and thereafter qualified and assumed the duties of such office, and continued to perform the same until about the 31st day of March, 1898, when he died, thereby creating a vacancy in the office of supervisor of said ward. On the 7th day of April, 1898, the common council of the city of Buffalo in joint session elected Herman C. Cleveland, a resident of said Twenty-Fourth ward, supervisor thereof, to fill the vacancy occasioned by the death of said Tilson. Thereafter said Cleveland took the oath of office required by law, and the clerk of said city of Buffalo issued to him a certificate of his election as such supervisor of said ward to fill said vacancy as hereinbefore stated, after which, and on the 12th day of April, 1898, the name of Cleveland was placed upon the roll of members of said board of supervisors, and he proceeded to perform the duties of said office, and has continued to perform the same to the present time. On or about the 12th day of October, 1898, said Frederick Howard was duly nominated for the office of supervisor of the Twenty-Fourth ward of the city of Buffalo, and his name was placed upon the official ballot to be used at the then coming election, and on such election he received all of the votes cast for such office of supervisor for the Twenty-Fourth ward. Thereafter said votes were canvassed by the board of aldermen of the city of Buffalo, and said Howard was declared elected supervisor of said Twenty-Fourth ward for the balance of the unexpired term of said deceased supervisor, namely, for the year 1899, and forthwith duly qualified as such supervisor by taking and subscribing the oath of office required by law; and thereafter a certificate of election was issued to said Howard by the mayor and the city clerk of the city of Buffalo, declaring said Howard elected as such supervisor from

said ward for said unexpired term. On the 10th of January, 1899, said board of supervisors and the chairman and clerk thereof were duly and officially notified of said Howard's election as such supervisor from said ward. Said chairman and clerk declined to place Howard's name upon the roll of its members, or to call his name upon votes taken by said board, or to allow him to vote at its meetings, or participate in the proceedings of said board.

Practically the whole question to be determined on this application is as to whether or not a vacancy existed in the office of supervisor of the Twenty-Fourth ward of the city of Buffalo on the 1st day of January, 1899. It is substantially conceded that the appointment of Cleveland vested him with the title to that office until that time. The disposition of this question involves an examination and the construction of the provisions of the charter of the city of Buffalo, under which Cleveland was appointed in connection with the provisions of the constitution covering the filling of vacancies in elective offices. This question was fully examined and determined by Justice Spring in this court (53 N. Y. Supp. 1039) upon the application of said Frederick Howard for a mandamus requiring the clerk of Erie county to place his name upon the official ballot. It was then, as now, contended by said clerk that no vacancy would exist in the office of supervisor of the Twenty-Fourth ward on the 1st day of January, then following, for the reason that under the charter of the city of Buffalo the common council in joint session had authority to fill the vacancy for the unexpired term, to wit, until the 31st day of December, 1899, the claim of Howard being that under the provisions of the constitution such vacancy created by the death of Tilson could only be filled by the common council until the 31st day of December after said vacancy occurred. That question was fully considered and determined upon that application in favor of said Howard. That decision was respected by all the parties interested, the writ issued, Howard's name was placed upon the official ballot, the votes given for him were canvassed by the board of aldermen, and by said board he was declared elected supervisor of said ward for the unexpired term, to wit, the year 1899, and a certificate of his election was issued to him by the mayor and clerk of said city, whereupon he duly qualified as such supervisor. It is now too late to re-open that question, and require the court to again examine and decide it, the former decision having been acquiesced in, and now remaining unreversed. Such a course would do much to detract from the force and effect of judicial decisions, and justly permit such decisions to be criticised for instability. Following the decision of Justice Spring to the effect that the term of Cleveland under his appointment expired on the 31st day of November, 1898, from and after which date a vacancy would exist in said office unless filled by election, Howard became and was supervisor of the Twenty-Fourth ward of the city of Buffalo from and after the 1st day of January, 1899, and as such entitled to occupy said office, and entitled to all the privileges, immunities, and emoluments thereof until the 31st day of December, 1899, and Cleveland, in assuming to exercise and perform the duties of supervisor of the Twenty-Fourth ward

after the 1st day of January, 1899, is acting without color of right, and for that reason does not occupy the position of an officer de facto. It therefore becomes the clear, legal right of Howard to be seated as supervisor of the Twenty-Fourth ward. People v. Common Council of City of Brooklyn, 77 N. Y. 503; In re Quinn, 152 N. Y. 89, 46 N. E. 175; Williams v. Boynton, 71 Hun, 309, 25 N. Y. Supp. 60.

It was claimed by the board of supervisors on the argument that Howard should be put to his action in the nature of quo warranto to oust Cleveland; that Howard's title to the office could not be determined in this proceeding. As we have seen, there is no disputed question of fact to be disposed of in determining the question of Howard's title to the office; but from the conceded facts, and under the statute and constitution as construed and stated, Howard's title to the office as a matter of law is clear. Such being the case, mandamus is a proper remedy to be invoked by him, and the board cannot be heard to say that he should resort to a formal action for the determination of a question not involved in any doubt. Affidavits were read on behalf of the board to the effect that Howard had not been denied the privilege of assuming the duties of his office, as supervisor of the Twenty-Fourth ward, and a member of said board, but that on the 10th day of January, 1899, the question as to whether Howard or Cleveland was entitled to the seat in said board as supervisor of said ward was referred to the attorney for the board and the committee on laws and legislation. This seems to have been a convenient way to dispose of Howard's claim. At the time this motion was argued about three weeks had elapsed after such reference, and no report of the committee on laws and legislation had been made. It is only necessary, in determining the attitude of the board on this question, to refer to the affidavits in its behalf read upon this application, and verified by its chairman and clerk, respectively. These affidavits, considered singly or collectively, deny to Howard any right as supervisor of the Twenty-Fourth ward, and, so far as the statements of the affiant go, dispose of every question of law and fact necessary to support that contention, and manifest the settled intention of the board to deprive Howard of the right to exercise and perform the duties of supervisor of the Twenty-Fourth ward until he shall procure an adjudication by the court binding upon the board, entitling him to his seat.

It may be noted that no suggestion was made on behalf of the board that further time should be allowed for the purpose of securing a report of the committee, nor in any manner excusing the delay of such report, and it may be that the device of such reference is too old to require serious consideration; but, the question having been raised, it has been considered, and a conclusion reached that the allegations in the affidavit of Howard to the effect that he has been denied his rights in the board are amply sustained upon the whole case.

For the reasons stated, it is held that the term of Cleveland under his appointment expired on the 31st day of December, 1898; that Howard is the duly elected and qualified supervisor from the Twenty-Fourth ward of the city of Buffalo, entitled to exercise all the duties

56 N.Y.S.—21

and functions of that office, and to the emoluments thereof, from the 1st day of January, 1899, to the 31st day of December, in the same year; and that as such he is entitled to the writ prayed for, with $50 costs to said Howard.