(86 Misc. Rep. 88)

PEOPLE ex rel. GROSS v. HAYES, Warden of City Prison.

(Supreme Court, Special Term, Kings County. June, 1914.)

1. OFFICERS (§ 40*)—DE FACTO OFFICER—EXISTENCE.

There can be no de facto officer where there is no office to fill.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 62; Dec. Dig. § 40.*]

2. HABEAS CORPUS (§ 94*)—DE FACTO OFFICER—DETERMINATION OF RIGHT TO OFFICE.

Whether a judge conducting the trial of a cause is a de facto judge may be determined in habeas corpus proceedings.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 82, 92; Dec. Dig. § 94.*]

3. JUDGES (§ 6*)—DE FACTO JUDGE—APPOINTEE OF GOVERNOR.

An appointee of the Governor, as judge of the County Court of Kings county, is a de facto judge, where he performs the duties of such office, without regard to whether the constitutional amendment adopted in 1913 vested the Governor with power to make such appointment.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 11, 12; Dec. Dig. § 6.*]

Habeas corpus by the People, on the relation of Sadie Gross, against Thomas Hayes, as warden of the city prison. Writ dismissed.

Robert H. Elder, of New York City, for relator.

Edward A. Freshman, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, on the brief), for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JAYCOX, J.  The time which, under the urgent solicitation of counsel, I may devote to this matter and other matters pressing for decision renders it impossible for me to state other than in the briefest manner the reasons for the decision about to be made.  The contention of the relator is that the judge before whom she was tried was neither a de jure nor a de facto judge, and that, if said judge was not a de facto judge, that question may be raised by habeas corpus.  Relator concedes the power of the Governor to appoint; that the appointment of Judge Hylan is regular in form; that he duly qualified; and that he has openly and notoriously performed the duties of county judge of Kings county.  The relator, however, contends that there was no office of county judge to which he could be appointed, claiming that such office had not yet come into existence.

[1] There is a line of cases holding that there can be no de facto officer when there is no office to fill.  People ex rel. Sinkler v. Terry, 42 Hun, 273; Matter of Quinn, 152 N. Y. 89, 46 N. E. 175; Norton v. Shelby Co., 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178; Ex parte Ward, 173 U. S. 452, 19 Sup. Ct. 459, 43 L. Ed. 765; United States v. Alexander (D. C.) 46 Fed. 728.  With the doctrine of those cases I agree.

[2] In the last case cited above, what I consider the true rule as to the limit of the inquiry upon habeas corpus is laid down as follows:

"While the question of strict title to an office can be inquired into and determined only by direct proceeding, and while courts will not, in a collateral proceeding, make such investigation, they may and will make such inquiry as will establish the line between the mere intruder into an office and one holding it under some color of title, some semblance of right, between him without any authority whatever and the de facto officer.  It has long been established that as to the public and third persons the acts of a de facto officer are valid, and their virtue cannot be impeached by any inquiry, in a collateral way, into the strict title to the office.  This rule is established, as a matter of public policy and necessity, for the protection of the public who have dealings with officials."

The right to determine, in habeas corpus proceedings, the question as to whether the judge conducting the trial is a de facto judge or not is upheld in People ex rel. Sinkler v. Terry, supra, and Matter of Quinn, supra.

[3] It is therefore necessary to determine only as to the existence of the office.  If the office of county judge exists, to which, under some circumstances, the Governor may appoint, then the appointee of the Governor is a de facto judge, without regard to whether the circumstances exist which would make the appointment legal or not.  Terhune v. City of New York, 88 N. Y. 247.  The County Court of Kings county is duly established, and it is the court which has jurisdiction of the offense and not the judge.  Prior to the amendment to the Constitution which gives rise to this question, the Constitution provided for two judges of that court in Kings county.  That brings the present case directly in line with Curtin v. Barton, 139 N. Y. 505, 34 N. E. 1093; where the court, speaking through O'Brien, J., said:

"The judges were in fact appointed by the Governor, were in possession of the office, engaged in discharging the duties under color of such appointment. They were therefore officers de facto, discharging judicial duties under color

of legal title, and such title can be questioned only by the state under whose authority they were invested with the character at least of de facto officers. This principle is founded on considerations of public policy, and its maintenance is essential to the preservation of order, the security of private rights, and the due enforcement of the laws. Moreover, it is sanctioned by abundant authority. Carpenter v. People, 64 N. Y. 483; State v. Carroll, 38 Conn. 449 [9 Am. Rep. 409]; Read v. Buffalo, *42 N. Y. 447; People v. Petrea, 30 Hun, 110. * * * When a court with competent jurisdiction is duly established, a suitor who resorts to it for the administration of justice and the protection of private rights should not be defeated or embarrassed by questions relating to the title of the judge, who presides in the court, to his office. If the court exists under the Constitution and laws, and it had jurisdiction of the case, any defect in the election or mode of appointing the judge is not available to litigants."

See, also, Trounstine v. Britt, 147 N. Y. Supp. 875.

I therefore am of the opinion that John R. Hylan was a de facto county judge of Kings county, without regard to whether the constitutional amendment adopted in 1913 vested in the Governor the power of immediately appointing two additional county judges or postponed their selection until chosen by the electors in 1915. Writ dismissed, and relator remanded.

·Writ dismissed.