666 WEST END AVENUE CORPORATION, Plaintiff, *v.* JACK DEUTSCH, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, November 30, 1929.

*Gettinger & Gettinger*, for the plaintiff.

*Oscar L. Meyerson*, for the defendant.

SHALLECK, J.   This is a motion made by the plaintiff to vacate, set aside and declare void a judgment entered herein on the 11th day of June, 1929, upon a decision of Justice Frederick E. Goldsmith, made on the 7th day of June, 1929.

The sole ground urged by the defendant for this relief is that the said justice was appointed pursuant to an act of the Legislature (Laws of 1929, chap. 430, adding § 4-a to the Municipal Court Code), which has been judicially declared unconstitutional by the Appellate Division of the Supreme Court (*Schieffelin* v. *Goldsmith*, 227 App. Div. 246),* and that, therefore, his judicial acts were void.

Section 4-a of the Municipal Court Code reads as follows: " Temporary appointments of justices.   If any justice is physically or mentally disabled so as to be unable to perform his duties, the mayor shall have authority to appoint a temporary justice who shall be a resident of the same district as the justice so disabled for a period not to exceed thirty days, upon the certificate of the president of the board of justices setting forth that owing to such disability the public interest requires the temporary appointment of a person in the place of the justice or justices thus disabled.   Upon a similar certificate the mayor shall have authority at the expiration of such temporary appointment to renew such appointment from time to time for a period not exceeding thirty days.   Any temporary justice appointed pursuant to the provisions of this section shall be a member of the same political party as the justice to whose office he has been appointed."

Pursuant to this law, the mayor of the city of New York, on May 23, 1929, appointed Frederick E. Goldsmith as a temporary Municipal Court justice to sit in this court in the place and stead of Mr. Justice Thomas Whalen, who was then ill.   By virtue of said appointment, Justice Goldsmith acted as a justice of this court from the 23d day of May, 1929, to September 21, 1929, and rendered numerous decisions of law and fact on which many judgments and orders have been entered.

* Revd., 253 N. Y. 243.

At the trial before Justice Goldsmith, it appears that no question was raised by either party as to his authority to sit as a justice of this court or to try the instant case. It is my opinion that Justice Goldsmith, while he sat in this court pursuant to this apparently valid appointment, under the full appearance of right, was a *de facto* judicial officer, and that the decisions made by him and the judgments and orders entered thereon while he was so acting are valid.

The Court of Appeals, in *Curtin* v. *Barton* (139 N. Y. 505), held that, where a judge so holds his office under color of legal title, the validity of his acts cannot thereafter be questioned. The opinion of O'BRIEN, J., writing in that case for a unanimous court, says in part: " Whatever may be said with respect to the power of the Legislature to provide for the appointment of the judges, nothing can be urged against its power to establish the court. Nor can it be doubted that the statute in question does in fact establish such court if the objections which are based upon other provisions of the Constitution, hereafter noticed, are not good. The judges were in fact appointed by the Governor, were in possession of the office engaged in discharging the duties, under color of such appointment. They were, therefore, officers *de facto*, discharging judicial duties under color of legal title, and such title can be questioned only by the State under whose authority they were invested with the character at least of *de facto* officers. This principle is founded on considerations of public policy, and its maintenance is essential to the preservation of order, the security of private rights and the due enforcement of the laws. Moreover, it is sanctioned by abundant authority. (*Carpenter* v. *People,* 64 N. Y. 493; *State* v. *Carroll,* 38 Conn. 449; *Read* v. *Buffalo,* 3 Keyes, 447; *People* v. *Petrea,* 30 Hun, 110.) * * * When a court * * * is duly established, a suitor who resorts to it for the administration of justice and the protection of private rights should not be defeated or embarrassed by questions relating to the title of the judge, who presides in the court, to his office. If the court exists under the Constitution and laws, and it had jurisdiction of the case, any defect in the election or mode of appointing the judge is not available to litigants. * * * It would be an unseemly proceeding, derogatory to the dignity of the court and subversive of all respect for the orderly administration of justice to permit private litigants to enter upon an inquiry as to the title of the judge, before whom the action is pending, to his office. * * * The principle of permitting private litigants to raise such questions would thus be productive of intolerable confusion and mischief and cannot be sanctioned. The defendant

was summoned to appear in a court which had been established by law, whether the method of selecting the judge was valid or not. The judge was in possession of the office, and engaged in the discharge of its duties and in the exercise of its powers under the authority of a commission from the Governor and an act of the Legislature. So long as the government permits him to hold the office and to discharge its functions, the constitutional validity of his appointment is a question that does not concern the defendant." (See, also, *Matter of Trounstine* v. *Britt*, 212 N. Y. 421, 436.)

This rule is founded on sound principles of public policy and the proper and orderly administration of governmental functions. There are several motions now pending before me by unsuccessful litigants requesting similar relief from the acts of Justice Goldsmith. Justice Joseph A. Fontanelli, appointed pursuant to the same statute by the mayor of the city of New York, has similarly presided over numerous causes in this court, and the validity of his decisions depend on similar considerations.

Principles hereinbefore referred to, as well as abundant authority, lead to the conclusion that this motion should be denied.

Motion to vacate the judgment is hereby denied, with ten dollars costs.