THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROCHESTER TELEPHONE CORPORATION, Respondent, against WILLIAM H. WOODWORTH, as Assessor of the City of Rochester, Respondent, and CLARENCE A. SMITH, as Director of Finance and County Manager of the County of Monroe, et al., Appellants.

Argued October 14, 1946; decided November 27, 1946.

*Joseph B. Boyle* for appellants. I. Defendant-respondent Assessor of the City of Rochester is an officer of the City of Rochester, and not an officer of the County of Monroe. (City Charter, §§ 124, 188.) II. The acts complained of were performed by defendant-respondent in his capacity as Assessor of the City of Rochester. (City Charter, §§ 188-a, 188-c.) III. The Legislature or the Board of Supervisors of the County are the only authorities which could create the office of county assessor. (*Miller* v. *Warner*, 42 App. Div. 208; *Meyers* v. *Mayor of New York*, 69 Hun 291.) IV. There can be no " assessor de facto " in Monroe County. (*Matter of Quinn*, 152 N. Y. 89; *People ex rel. Snyder* v. *Hylan*, 212 N. Y. 236; *People ex rel. Baldwin* v. *McAdoo*, 110 App. Div. 432; *People ex rel. Sinkler* v. *Terry*, 42 Hun 273; *People ex rel. Gross* v. *Hayes*, 86 Misc 88.)

*Frederick J. Wilkens* and *William H. Emerson* for William H. Woodworth, respondent. I. This proceeding relates entirely to assessments for county tax purposes and is one in which the city has no interest. II. Respondent's motion was made to obtain a clarification of the capacity in which respondent was named and in which relief was sought against him in this proceeding. III. The city should not be compelled to defend an assessment on the county rolls when it is without power to change it. IV. The making of the order appealed from was proper and within the court's power. (Civ. Prac. Act, § 105; *McKenzie* v. *Lavine*, 249 App. Div. 755.)

*W. Clyde O'Brien* for Rochester Telephone Corporation, respondent. I. The City of Rochester and the County of Monroe cannot use this proceeding for the purpose of obtaining an indication of the court as to whether respondent was an official of the City of Rochester or the County of Monroe at the time he made the assessment which is subject to review in this certiorari proceeding. II. The special appearance made by " Woodworth as Assessor of the City of Rochester " was converted into a general appearance when he stated as a ground of the motion to dismiss that he was not a necessary and proper party to the proceeding. (*Dycker Heights Home for Blind Children* v. *Stolitzky*, 250 App. Div. 229; *Braman* v. *Braman*, 236 App. Div. 164; *Citizens Trust Co.* v. *Prescott and Sons, Inc.*, 221 App. Div. 426.) III. Special Term did not have power to make the order herein. The court was without authority to consider a motion

made by respondent in a capacity other than that in which he was named in the petition, order and writ. IV. Special Term was without authority to make an order which purported to dismiss the petition and writ as to " William H. Woodworth as Assessor of the City of Rochester," but which by its terms did not dismiss said petition and writ as to " William H. Woodworth as Assessor de facto of Monroe County in preparing the 1945 Monroe County Assessment Rolls of City Properties." V. The assessor who prepared the annual county assessment roll of city properties for the year 1945 was a proper and necessary party to the certiorari proceedings brought on by the relator. (City Charter, § 188-a; Tax Law, § 291.)

FULD, J. The Assessor of the City of Rochester is vested with the power and the duty of preparing the assessment rolls of city properties, on the basis of which the city levies taxes. Those rolls, copies of which are delivered to the Board of Supervisors of the County of Monroe, are also relied upon for the levy of county taxes. In this case, the relator Telephone Corporation commenced a proceeding under the Tax Law to review an assessment of its city property contained in the 1945 county assessment rolls. Joined as defendants were the city assessor — Woodworth — and two officers of the county. A motion was made on behalf of Woodworth to dismiss the petition and writ of certiorari " as to [him] as Assessor of the City of Rochester ". The motion was granted, and an order — here under review — was entered which dismissed the petition against Woodworth as city assessor but purported to continue the proceeding against him " as assessor de facto of Monroe County ".

The only issue presented by the motion was whether the city assessor was a proper and necessary party. In determining it, the question — to which Special Term seems to have shifted its attention — as to whether the City of Rochester or the County of Monroe was to bear the expense of defending Woodworth was completely beside the point. If he was an essential party, the motion should have been denied.

Section 5 of the Monroe County Tax Act (L. 1938, ch. 441, as amd. by L. 1944, ch. 721) and section 188-a of the Rochester City Charter (L. 1907, ch. 755, as amd. by L. 1944, ch. 720) both provide that " *the assessor of the city of Rochester* " shall prepare the annual county assessment rolls of city properties,

shall hear allegations and objections relating to the assessments therein, and shall make such corrections and amendments as the facts established may require. Thus, the very statutes themselves explicitly designate *the city assessor* as the officer who has the duty and responsibility of assessing, for county tax purposes, the properties located in the city. Hence, although it is unquestionably true that Woodworth acted for the benefit, and even on behalf of, the county in making the assessments here complained of, he nevertheless did so only in, and by virtue of, his capacity as city assessor. We need not now inquire into the considerations of economy and convenience which undoubtedly impelled the Legislature thus to impose a double burden and obligation upon a city official rather than to create a new county office. Suffice it to say that they did include preparation of the county assessment rolls among the duties of the city assessor.

In establishing a procedure for obtaining relief from improper assessments, the Legislature provided, in section 5-b of the County Tax Act and section 188-c of the City Charter, that "any person interested who shall have appeared *before the assessor* * * * and who shall consider himself aggrieved *by any decision or action of the assessor,* may apply * * * to the county or supreme court *for a review of the decision or action of the assessor,* pursuant to the general procedure for certiorari in said court." (Emphasis supplied.) Manifestly, the assessor referred to is "the assessor of the city of Rochester", since he is the only assessor mentioned in the immediately preceding section of the County Tax Act and the City Charter. Moreover, the decisions and actions to be reviewed must have been made or done by him as city assessor, for that is the only capacity in which the statutes empower him to act.

A similar conclusion is to be reached in reference to the provisions of the Tax Law (L. 1909, ch. 62, as amd.) relating to certiorari. Thus, section 291 of that Law provides in part: "Upon the presentation of such petition, the justice or court may allow a writ of certiorari *to the officers making the assessment,* to review such assessment * * *." (Emphasis supplied.) As already pointed out, the person designated by the statutes to make the county assessments of city properties is the city assessor, and since he is referred to by his official title, it seems fairly obvious that he must make the assessments

in his official capacity. Certainly, if he were to make them in his individual, personal capacity, he would scarcely be "the *officer* making the assessment", within the intendment of section 291 of the Tax Law.

In short, since the Assessor of the City of Rochester is the officer selected by statute to make county assessments of city properties, and since it must therefore be presumed that Woodworth, the Rochester city assessor, acted in his official capacity in making the assessments involved here, he was, in that same capacity, a proper and necessary party to the present proceeding. Accordingly, his designation in petition and writ as "William H. Woodworth * * * Assessor of the City of Rochester, New York in preparing the 1945 Monroe County Assessment Rolls of City properties," was correct, and it was manifest error to dismiss the proceeding against him as city assessor.

More than that, the court at Special Term had no power to make the order appealed from. The motion to dismiss the petition required that court to determine whether Woodworth was a necessary and proper party. Special Term, while granting the motion, in effect held that Woodworth, in one capacity or another, was an essential party, for the proceeding was continued against him "as assessor de facto of Monroe County". What Special Term attempted to do was to decide a collateral problem — namely, whether the county rather than the city should bear the cost of representing Woodworth. That issue, however, was neither pertinent to, nor determinable on, the motion to dismiss.

We add the further observation that there is no showing in the record of the existence of any such office as that of "assessor of Monroe County". That being so, it clearly follows that there can be no *de facto* officer. (See e.g., *People ex rel. Snyder* v. *Hylan*, 212 N. Y. 236, 243; *Matter of Quinn*, 152 N. Y. 89, 92.)

The orders should be reversed, with costs in all courts and the motion denied. The question certified should be answered in the negative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Orders reversed, etc.