■ ALLEN BELDOCK, Individually and on Behalf of All Others Similarly Situated, Appellant, v MARIO CUOMO, as Governor of the State of New York, et al., Respondents. [609 NYS2d 801] —In an action, *inter alia,* for a judgment declaring that the plaintiff, an appointed Judge of the New York City Criminal Court, may not incur mandatory retirement on the basis of age, prior to December 31, 1998, the expiration of his appointed term, and seeking a permanent injunction enjoining the defendant Office of Court Administration from causing his involuntary retirement on account of age, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Posner, J.), dated September 20, 1991, which denied his motion for injunctive relief and declared that pursuant to NY Constitution, art VI, § 25 (b), the plaintiff's removal from office on July 31, 1991, was legal and proper and the plaintiff was not entitled to remain in office until December 31, 1998.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The appellant, Allen Beldock, an appointed Judge of the Criminal Court of the City of New York, reached the age of 70 on March 12, 1989, and, under the New York State Constitution, was required to retire on December 31, 1989, the year in which he turned 70 *(see,* NY Const, art VI, § 25 [b]). Initially, based upon a 1987 opinion of the Administrative Board of the Unified Court System interpreting the Federal Age Discrimi-

nation in Employment Act (hereinafter ADEA) (29 USC § 621 *et seq.)*, the appellant was deemed covered by ADEA, which prohibits discrimination in employment on the basis of age.

ADEA defines "employee" as "an individual employed by an employer, except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any state by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office" (29 USC § 630 [f]).

The Administrative Board's opinion was that elected Judges were expressly exempted from coverage. Moreover, the Administrative Board interpreted the ADEA exemption for "appointee on the policymaking level" as not embracing appointed Judges.

However, in 1991, the Supreme Court of the United States held, in *Gregory v Ashcroft* (501 US 452, 466), that appointed Judges are within the exemption for "appointees on the policymaking level" and thus are not covered by the protections of the ADEA. Therefore, the appellant's reliance upon the Administrative Board's 1987 opinion interpreting the ADEA is misplaced, since that interpretation is no longer viable.

We further find that the Chief Administrator of the Unified Court System properly exercised his authority in notifying the appellant that he would incur mandatory retirement on July 31, 1991 *(see,* NY Const, art VI, § 25 [b]; § 28 [b]). Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur. *[See,* 150 Misc 2d 180.]