SYLVIA LAKE Co., INC., et al., Appellants, *v.* NORTHERN ORE COMPANY et al., Respondents.

Courts — judges — legality of office of justice of Supreme Court open to attack by State alone — third parties may not inquire into title to office — judgment rendered by de facto justice valid.

1. A *de facto* judge assumes the exercise of a part of the prerogatives of sovereignty and the legality of that assumption is open to attack

by the sovereign power alone. Private parties are not permitted to inquire into the title of persons clothed with the evidence of such offices and in apparent possession of their powers and functions.

2. A claim that a judgment is invalid because rendered by a justice of the Supreme Court after he became seventy years of age, cannot be sustained, since he was at least, so far as third parties are concerned, a *de facto* justice so long as the State allowed a certificate giving information required by law as to his age to remain on file in the office of the Secretary of State.

*Sylvia Lake Co.* v. *Northern Ore Co.*, 214 App. Div. 751, affirmed.

(Argued January 21, 1926; decided February 24, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 22, 1925, unanimously affirming a judgment in favor of defendants entered upon an order of Special Term granting motions for judgment on the pleadings.

*Alfred G. Reeves, Alton B. Parker* and *James C. Dolan* for appellants. The interlocutory judgments signed by Justice Borst in the case of *McLear* v. *Balmat,* after the conceded expiration of his term, are void and in violation of the Constitution, and enforcement of those judgments and all proceedings under them should be enjoined. (*Settle* v. *Van Evrea,* 49 N. Y. 280; *People ex rel. Joyce* v. *Brundage,* 78 N. Y. 403; *People* v. *Gardner,* 45 N. Y. 816; *People* v. *Bork,* 96 N. Y. 188; *Matter of Mayor,* 139 N. Y. 140; *Gordon* v. *Trainor,* 46 Misc. Rep. 439; *Rodding* v. *Kane,* 14 Daly, 535; *Matter of Rodding,* 14 Civ. Pro. Rep. 47; *Orvis* v. *Curtiss,* 28 N. Y. Supp. 728; *People* v. *Bott,* 121 Misc. Rep. 380.) The interlocutory judgments are void because of the fraud and misconduct of Justice Borst in misrepresenting his age. (*Roosa* v. *Saugerties,* 12 How. Pr. 297; *Livermore* v. *Bainbridge,* 14 Abb. Pr. [N. S.] 227; *Reynolds* v. *Moore,* 1 App. Div. 105; *Fortunato* v. *Mayor,* 31 App. Div. 371; *Topia Mining Co.* v. *Warfield,* 145 App. Div. 422; *Smith* v. *Dunn,* 94 App. Div. 429; *Redpath* v. *Walker,* 13 Col. 109; *Leeds* v. *Atlantic City,* 52 N. J. 332.)

*Francis E. Cullen* for respondents. The order and judgment dismissing the complaint and the order and judgment of affirmance are sound, because it appears from the face of the complaint that the late Justice Borst was, at least, a justice *de facto* of the Supreme Court at all times from December 31, 1920, to March 10, 1925, when he resigned. His official acts as such justice were valid as between third parties and cannot, therefore, be the basis of fraud as alleged in the complaint. The validity of such acts cannot be attacked in a collateral action such as this. (*Potter* v. *Luther*, 3 Johns. 431; *Mac Kinnon* v. *Barnes*, 66 Barb. 91; *City of New York* v. *Vanderverr*, 91 App. Div. 303; *Mayor* v. *Sands*, 105 N. Y. 210; *State* v. *Carroll*, 38 Conn. 449; *McGraw* v. *Williams*, 74 Va. 510; *Dredia* v. *Baache*, 60 Neb. 655; *People* v. *Cooke*, 8 N. Y. 67; *Wilcox* v. *Smith*, 5 Wend. 231; *Dolan* v. *Mayor*, 68 N. Y. 274; *People* v. *Collins*, 7 Johns. 549; *M' Kinstry* v. *Tanner*, 9 Johns. 135; *Nelson* v. *Page*, 23 N. Y. 293.)

McLAUGHLIN, J. We are of the opinion that the judgments and orders appealed from should be affirmed, notwithstanding the claim of the appellants that they are invalid if they were rendered by Justice Borst after he became seventy years of age. Whatever may be said of his assuming to act after he became seventy years of age, he was, at least so far as third parties are concerned, a *de facto* justice. He was elected at the general election held in November, 1913, for a term of fourteen years or until the 31st day of December next succeeding the time when he became seventy years of age. Within ten days after the first day of January immediately following his election he, as appears from the record and from the appellants' brief, in pursuance of section 23 of the Judiciary Law, filed in the office of the Secretary of State a certificate stating that he had accepted the office of justice of the Supreme Court and taken the oath as

required by the Constitution and laws of the State, and certifying that he was fifty-six years of age on the 6th of July, 1913, and that his official term would expire by the completion of a full term prescribed in the Constitution on the 31st of December, 1927. This certificate was on file in the office of Secretary of State at the time each of the interlocutory judgments and orders referred to in the complaint was rendered. It was a public document and third parties, so long as the same remained on file, had a right to rely upon the truth of the statements therein contained. It was a well-known fact that Justice Borst had been elected to the office of justice of the Supreme Court. He assumed to act and to discharge the duties pertaining to such office. Litigants had a right to rely upon the fact that he was qualified to discharge the duties pertaining to the office and that his acts in that respect were valid.

A *de facto* judge assumes the exercise of a part of the prerogatives of sovereignty and the legality of that assumption is open to attack by the sovereign power alone. This rule is founded upon the considerations of policy and necessity. It has for its object the protection of the public and individuals whose interests may be affected. Offices are created for the benefit of the public. Private parties are not permitted to inquire into the title of persons clothed with the evidence of such offices and in apparent possession of their powers and functions.

The supremacy of the law could not be maintained or its execution enforced if the acts of a judge having a colorable but not a legal title were to be deemed invalid. It is a well-established principle, recognized in all jurisdictions that, so far as the public and third persons are concerned, the official acts of a *de facto* judge are just as valid as those of a *de jure* judge. This is especially true when the State requires a judge to file in the office of the Secretary of State a certificate containing certain information. No third party can be permitted, so long

as the State allows such certificate to remain on file, to question the truth of the statements therein contained.

The judgments and orders appealed from should be affirmed, with costs.

Hiscock, Ch. J., Pound, Crane, Andrews and Lehman, JJ., concur; Cardozo, J., absent.

Judgments affirmed.