Hyman Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment dated April 29, 1958, convicting the defendant, after trial, of the crime of robbery in the first degree, grand larceny in the second degree and assault in the second degree and for which he was sentenced, as a second felony offender, to a term of not less than 15 and not more than 35 years in State prison. The judgment of conviction was unanimously affirmed by the Appellate Division (7 A D 2d 733) and by the Court of Appeals (6 N Y 2d 785). Thereafter he moved by way of writ of error coram nobis to vacate the judgment of conviction upon two grounds, (a) the prosecutor knowingly allowed false evidence to remain uncorrected before the trial court and the jury, and (b) the prosecutor in the exercise of due diligence and in the proper functioning of his office, should be charged with the knowledge that false testimony was presented at the trial. The defendant was granted a hearing at which he was represented by counsel and thereafter the motion was denied by an order dated February 2, 1962 (People v. Rohrlich, 31 Misc 2d 1062). An appeal from this order is presently pending in the Appellate Division.
The defendant bases the instant application upon the ground that he was “ denied due process of law when the prosecutor objected, and was sustained by the court, to the questioning of one Albert Victoria, a witness for the defendant ’ ’; and that the court was in error when it ruled that no foundation was laid for this witness’ testimony. Even if it be assumed that the defendant’s allegations are correct, the errors complained of *238 were matters of record (in fact the defendant made it one of his points on appeal) and therefore cannot be the basis for coram nobis relief. (People v. Sadness, 300 N. Y. 69; People v. Kendricks, 300 N. Y. 544.) The writ of error coram nobis may not be used as a vehicle for an additional appeal (People v. Shapiro, 3 N Y 2d 203).
The defendant further alleges that having paid his retained counsel a substantial fee he had a right to expect expert and competent representation. It has been uniformly held that the remedy of coram nobis is not available where the petitioner claims inadequate representation by counsel unless the representation was such as to make the trial a farce and a mockery of justice (People v. Tomaselli, 7 N Y 2d 350; People v. Brown, 7 N Y 2d 359). Dissatisfaction with the representation of retained counsel may not be availed of as a basis for relief (People v. Hernandez, 8 N Y 2d 345).
Where the defendant would not be entitled to relief even if the allegations of his petition were to be established, the granting of a hearing would be pointless (People v. Brown, 7 N Y 2d 359, 361). The application is therefore denied.