Benjamin W. Mehlman, J.
On September 23, 1972 the defendant was tried and found guilty of conducting, or offering to rent rooms in a rooming house within the Village of Ocean Beach without first having obtained a license in violation of article VH(2)(c) of the Village Ordinances and of renting rooms in a residence for commercial purposes in violation of *670 article I, section 2 of the Zoning Ordinance of the Village. He now moves to vacate the judgment of conviction, or in the alternative, for a hearing to determine whether such judgment should be vacated, on the following grounds:
1. The court lacked jurisdiction in the first instance because the Acting Village Justice who tried the case and found the defendant guilty was not a proper resident and a legally qualified Acting Village Justice of the Village of Ocean Beach;
2. The judgment of conviction was obtained in violation of the defendant’s rights and in denial of due process of law in that he was convicted of renting a house for commercial purposes, whereas he had been initially charged with running a multiple dwelling house; and
3. No docket books containing the terms of the conviction of the defendant were made available to the defendant.
The motion is denied.
(1) Defendant does not have the right to challenge the jurisdiction of the Acting Village Justice. It has long been held that third parties may not inquire into the title of a Judge to his office. Whatever may be said of the right of this Acting Village Justice to hold office he was at least, so far as third parties are concerned, a de facto Justice and the legality of his acts may not be attacked by individuals. "Offices are created for the benefit of the public. Private parties are not permitted to inquire into the title of persons clothed with the evidence of such offices and in apparent possession of their powers and functions.” (Sylvia Lake Co. v Northern Ore Co., 242 NY 144, 147, cert den 273 US 695; Matter of Pardee, 259 App Div 101; People v Baltusnik, 165 Misc 173.)
The question cannot be raised collaterally. If a court exists pursuant to statute and had jurisdiction of the case, any defect in the election or mode of appointing the Judge of that court is not available to litigants. An appointed Judge who is in possession of the office and is engaged in discharging the duties under color of such appointment is a de facto Judge and his title cannot be questioned by third parties. (Curtin v Barton, 139 NY 505.) There is no question that the Village Court had jurisdiction of the case. This defendant therefore has no standing to attack the jurisdiction and qualifications of the Acting Village Justice.
In view of this principle, it is not necessary to determine whether the Acting Village Justice who tried and found *671 defendant guilty was or was not in fact a resident of the Village of Ocean Beach.
(2) A motion to vacate a judgment is governed by CPL 440.10 and is in the nature of the former proceeding of coram nobis. CPL 440.10 (subd 2, par [c]) states that the court must deny a motion to vacate a judgment when: "Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant’s unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him”. The record shows that the defendant was represented by counsel at the trial and that the Acting Village Justice, in rendering his decision, stated the charges and the specific provisions of the ordinances under which the defendant was found guilty. Defendant’s contention that he was denied due process because he allegedly was convicted of a different charged offense could have been raised on appeal. The defendant took no appeal from that determination.
This motion, brought approximately three years after the trial and the conviction therefore must be denied by virtue of CPL 440.10 (subd 2, par [c]). Under the former coram nobis proceedings it was well settled that coram nobis cannot be used as a vehicle for an additional appeal. (People v Shapiro, 3 NY2d 203; People v Howard, 12 NY2d 65, cert den 374 US 840; People v Urano, 35 Misc 2d 72.) In People v Howard (supra, p 68) Judge Fuld stated: It would introduce confusion in the administration of justice if defenses or objections which might have been made and reviewed on appeal could be reserved as grounds for collateral attack upon the judgment of conviction years after it was rendered. In other words, and we come back to our point of beginning, neither coram nobis nor any other post-conviction remedy may be employed to perform the office of an appeal.”
(3) Defendant’s contention that he was denied due process because no docket books giving the terms of his conviction were made available to him is without merit. The purposes of a Justices’ docket as set forth in section 2019-a of the Uniform Justice Court Act are to furnish information and minutes of all business done before the Justice. Such docket has no effect *672 on the validity of a trial, conviction or sentence by the Justice. Moreover, defendant had adequate knowledge of the minutes and proceedings on his trial and conviction. He attached to his moving papers portions of the transcript of the proceedings on his trial made by the official court reporter and apparently had the full transcript. It cannot be claimed, therefore, that the terms of his conviction on the charges were not known by him.
(4) No hearing need be granted as requested by the defendant. The motion can be decided on the papers submitted by the parties. (People v Rohrlich, 37 Misc 2d 237, affd 7 AD2d 733, affd 6 NY2d 785, cert den 374 US 813.)