Hon. Lynette M. Dibble Village Clerk, Richfield Springs
We acknowledge receipt of your letter stating that your village has no village attorney and in which you inquire whether your village has a legally constituted village board of trustees; if it has not a legally constituted board, what can be done to legalize it and whether the acts of the board which have been taken since April 2, 1979 (the commencement of the current official village year) are legal acts. From your letter and our telephone conversations with the deputy village clerk we take the following to be the pertinent facts.
In your village a general village election is held each March. In odd numbered years two trustees are elected for two-year terms and in even numbered years two trustees and a mayor are elected for two-year terms. More than 75 days prior to the March, 1979 village election, vacancies occurred in the office of mayor and one office of trustee for the term expiring in 1980. The vacancies were filled by appointment.
At the time of the election in March, 1979, the village board of trustees consisted of the following:
OFFICE OFFICER NORMAL EXPIRATION DATE
 Mayor Spytko* 1980 Trustee West 1980 Trustee Guilbault* 1980 Trustee Dibble 1979 Trustee Leslie 1979
* Appointed to fill vacancy in office.
At the election in March, 1979, the following were elected to office:
 TERM OFFICE OFFICER WILL EXPIRE
 Mayor Former Trustee Leslie 1980 Trustee for 2 years Dibble to succeed himself 1981 Trustee for 2 years Czeck 1981 Trustee for 1 year Butler 1980
Trustee West continues to serve a term which will expire in 1980.
Messrs. Leslie, Dibble, Czeck and Butler failed to file their constitutional oaths of office within 30 days after the commencement of their terms but have now filed them.
The following excerpts of constitutional and statutory provisions are germane to the resolution of the problem.
New York Constitution Article XIII § 3:
 "The legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."
Public Officers Law § 30 subd. 1 par. h:
 "1. Every office shall be vacant upon the happening of one of of the following events before the expiration of the term thereof:
* * *
 "h. His refusal or neglect to file his official oath or undertaking, if one is required, before or within thirty days after the commencement of the term of office for which he is chosen, if an elective office * * *."
New York Constitution Article XIII § 1:
 "Members of the legislature, and all officers, executive and judicial, except such inferior officers as shall be by law exempted, shall, before they enter on the duties of their respective offices, take and subscribe the following oath or affirmation: * * *."
Public Officers Law § 10:
 "Every officer shall take and file the oath of office required by law, * * * before he shall be entitled to enter upon the discharge of any of his official duties * * *."
Public Officers Law § 5:
 "Every officer except * * * and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. * * *"
General Construction Law § 41:
 "Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, at a meeting duly held * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words `whole number' shall be construed to mean the total number which the board, * * * would have were there no vacancies and were none of the persons or officers disqualified from acting."
Village Law § 3-312 subd. 3 pars. a and b:
 "3. Vacancies in offices caused other than by expiration of the terms thereof shall be filled by the mayor, except the office of mayor which shall be filled by the board of trustees, to the extent and for the periods of time set forth herein:
 "a. In appointive offices for the balance of unexpired terms
"b. In elective offices as follows:
 "(1) If such vacancy occurs at least seventy-five days prior to the third Tuesday of the month preceding the end of the current official year, for the balance of such year."
Election Law § 15-106 subd 1 par. c and subd. 4:
"15-106. Special village elections for officers.
"1.
* * *
 "(c) Whenever vacancies in a board of trustees constitute a majority of the seats thereof, but in no event on a day less than sixty-one nor more than ninety-five days after the day on which such vacancies first constitute such majority.
* * *
 "4. Notice of a special village election for officers shall be given in the same manner as for a general village election. If the offices of all trustees and mayor are vacant the notice shall be given by the village clerk. If the office of village clerk is also vacant the election shall be held at the call of, and noticed by, at least twenty-five residents qualified to vote for village office."
Public Officers Law § 42 subds. 3 and 5:
 "3. Upon * * * or upon the occurrence of a vacancy in any elective office which cannot be filled by appointment for a period extending to or beyond the next general election at which a person may be elected thereto, the governor may in his discretion make proclamation of a special election to fill such office * * *"
* * *
 "5. Whenever the authority to fill any vacancy is vested in a board and such board is unable to fill such vacancy in an elective office by reason of a tie vote, or such board neglects to fill such vacancy for any other reason, the governor may, in his discretion, make proclamation of a special election to fill the vacancy."
Public Officers Law § 15:
 "If a public officer * * * shall hereafter enter on the performance of the duties of his office, without taking or filing an official oath, * * * as required by the constitution, or by any general or special law, his acts as such officer, so performed, shall be as valid and of as full force and effect as if such oath had been duly taken and filed, * * * notwithstanding the provisions of any general or special law declaring any such office vacant, or authorizing it to be declared vacant, or to be filled as in case of vacancy * * *"
Basing our conclusions upon all of the foregoing it is our opinion that:
1. At the 1979 election, successors had to be elected for both trustees whose elective terms were expiring in 1979, and for the mayor and the trustee who occupied their offices by appointment.
2. Failure of the newly elected mayor and three trustees to qualify for office by filing their constitutional oaths of office within 30 days created vacancies in the offices of mayor, one trustee for one year and two trustees for two years.
3. A public officer holds over and continues to perform the duties of his office until a successor is chosen and qualified but the office is vacant for the purpose of selecting a successor.
4. Trustee Dibble, whose term expired in 1979 and who was elected to succeed himself but who failed to file his oath of office, continues in office as a holdover trustee.
5. Trustee Leslie, whose term expired in 1979 and who was elected Mayor but who failed to file his oath of office, continues to be a trustee as a holdover in office.
6. A municipal board consisting of five members can act only by the affirmative vote of at least three members so if there are three people who can act on the village board of trustees, if they act unanimously their acts have validity.
7. Where there is a vacancy in the office of village mayor the board of trustees may fill that vacancy.
8. Trustee West, holdover Trustee Dibble and holdover Trustee Leslie, by unanimous action, may appoint a village mayor but none of those three may be appointed to that office (Wood v. Town of Whitehall, 120 Misc. 124, affd. on the opinion below 206 App. Div. 786 [1923]).
9. The trustees have no authority to make an appointment to fill a vacancy in the office of trustee, which is a power given only to the mayor.
10. The newly appointed mayor may fill the three vacancies on the village board of trustees, which appointments may be of any individuals qualified to hold the offices, including those who had been elected to the offices but who failed to qualify.
11. No such appointees can hold office beyond the end of the official year in 1980 even though the term for two of them, if they had been elected, would otherwise have continued until 1981.
12. The authorization for an immediate special election to fill vacancies in these village offices cannot be utilized because the statutory time has elapsed for calling one; thus the special election to fill the vacancies for the unexpired portion of the terms of two trustees will be held in March, 1980, concurrently with the general village election at which will be elected successors to the mayor, Trustee West and the other trustee to be appointed now.
13. If the board of trustees consisting of the trustee whose term has not expired and the two holdover trustees cannot agree unanimously on an individual to be appointed to fill the office of mayor, then the village clerk should notify the office of the Governor that there are vacancies in four village elective offices and request the Governor to proclaim a special election to fill the vacancies.
14. The acts of the board of trustees which were unanimously voted upon by the remaining trustee and the two holdover trustees are valid unless more than a simple majority vote is required for passage.
15. In any event, the acts of the village board of trustees since April 2, 1979, were the acts of a de facto board and as such are valid (Matterof Schick v. Impelliteri, 122 N.Y.2d 729, affd 282 App. Div. 663 [1953];Sylvia Lake Co. v Northern Ore Co., 242 N.Y. 144, certiorari denied273 U.S. 695 [1926]).