■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS DEVINE, Appellant, v CHARLES SCULLY, as Warden, Respondent.

Petitioner is incarcerated at Green Haven Correctional Facility pursuant to a judgment of the Supreme Court, New York County (Goodman, J.), rendered September 21, 1979, which convicted him of murder in the second degree and criminal possession of a weapon in the third degree and imposed sentence. The judgment was affirmed on appeal (*People v Devine,* 89 AD2d 825) and an application for leave to appeal was denied (*People v Devine,* 58 NY2d 691).

Thereafter, petitioner commenced this habeas corpus proceeding to obtain his release. He contends that the Supreme Court, New York County, lacked jurisdiction to render the judgment of conviction because the Justice presiding at his trial in 1979 was a Judge of the Civil Court of the City of New York who had been

temporarily designated an Acting Supreme Court Justice in violation of NY Constitution, article VI, § 26 (i).

Assuming, arguendo, that the temporary assignment was in violation of the State Constitution under the rationale of *Matter of Morgenthau v Cooke* (56 NY2d 24), the Judge of the Civil Court who presided at petitioner's trial was serving as a de facto Supreme Court Justice (*see, Matter of Morgenthau v Cooke, supra; People v Czajka,* 11 NY2d 253; *Sylvia Lake Co. v Northern Ore Co.,* 242 NY 144, *cert denied* 273 US 695; *Curtin v Barton,* 139 NY 505). Under a long and unbroken line of authority, the official acts of a de facto judge are valid and binding on the public and interested third persons, including petitioner, and the issue of the propriety of that judge's appointment cannot be raised collaterally (*Matter of Morgenthau v Cooke, supra,* p 37; *People v Czajka, supra,* p 255; *Sylvia Lake Co. v Northern Ore Co., supra,* pp 147-148; *Curtin v Barton, supra,* pp 511-512; *People ex rel. Sinkler v Terry,* 108 NY 1, 13-14; *Morris v Cahill,* 96 AD2d 88, 93; *People v Pokoik,* 83 Misc 2d 669, 670; *Matter of Delehanty [Sullivan],* 202 Misc 33, 36, *affd* 280 App Div 542, *affd* 304 NY 725; *People v Baltusnik,* 165 Misc 173, 174; *cf. Matter of Cullum v O'Mara,* 43 AD2d 140, 144-145, *affd* 33 NY2d 357). Consequently, petitioner cannot, by way of a habeas corpus proceeding, collaterally attack the method by which the Trial Judge was appointed in order to vitiate his judgment of conviction. Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.