■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT DEL COL and TED DOUKAS, Respondents. [930 NYS2d 488]—

By indictment dated February 4, 2010, the defendants were each charged with one count of grand larceny in the second degree. The prosecutor who presented the charges to the grand jury, a former Assistant District Attorney who had gone into private practice, had been appointed by the District Attorney as a "Special Assistant District Attorney" in January 2010, as indicated by a "constitutional oath of office" card filed with the County Clerk. The defendants moved to dismiss the indictment on the ground that, among other things, the District Attorney lacked the authority to appoint the prosecutor who presented the subject charges to the grand jury.

Under the circumstances of this case, the County Court properly determined that the District Attorney lacked the authority to appoint the prosecutor who presented the subject charges to the grand jury (*see* County Law § 701 [1]; § 702 [1], [2]; *see also Matter of Schumer v Holtzman*, 60 NY2d 46, 53-54 [1983]; *Matter of Sedore v Epstein*, 56 AD3d 60, 63 [2008]).

Moreover, "the crucial nature of the prosecutor's role vis-à-vis the Grand Jury, particularly in view of his discretionary authority, mandates a finding that prejudice to the defendant is likely to result from the presence of an unauthorized prosecutor before the Grand Jury" (*People v Di Falco*, 44 NY2d 482, 485, 488 [1978]). Here, the County Court did not err in determining that dismissal of the indictment was warranted on the ground that the District Attorney lacked the authority to appoint the prosecutor who presented the charges to the grand jury (*id.* at 488; *People v Fox*, 253 AD2d 192 [1999]). Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.