People v Whelan (2019 NY Slip Op 04425)





People v Whelan


2019 NY Slip Op 04425


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2013-11106
 (Ind. No. 1100/12)

[*1]The People of the State of New York, respondent,
v
Frank Whelan, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered November 26, 2013, convicting him of course of sexual conduct against a child in the second degree and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On August 30, 2009, the defendant was arraigned on a criminal complaint. Subsequently, on December 30, 2009, a grand jury indicted the defendant, inter alia, on one count of course of sexual conduct against a child in the second degree (Penal Law § 130.80[1][a]) and two counts of endangering the welfare of a child (Penal Law § 260.10[1]). On the same day, the People served and filed a statement of readiness for trial. The defendant was arraigned on the indictment on March 3, 2010. The defendant then moved pursuant to CPL 30.30 to dismiss the indictment on the ground that his right to a speedy trial had been violated. The Supreme Court denied the motion.
Thereafter, when it was revealed that the grand jury had been presented this case by a special assistant district attorney, the defendant moved a second time pursuant to CPL 30.30 to dismiss the indictment. The defendant contended that the People's December 30, 2009, statement of readiness was illusory because the indictment was jurisdictionally defective, having been obtained by a special assistant district attorney without authority to present the case to a grand jury. The Supreme Court denied the motion. The People obtained a superseding indictment identical to the initial indictment, and after a jury trial, the defendant was convicted of one count of course of sexual conduct against a child in the second degree and two counts of endangering the welfare of a child. The defendant appeals.
The defendant's contention that his motions pursuant to CPL 30.30 should have been granted is without merit. Pursuant to CPL 30.30(1)(a), the Supreme Court must grant a motion to dismiss an indictment charging a felony offense where the People are not ready for trial within six months after the commencement of the criminal action, which, in this case, consists of a period of 183 days. Once the People announce that they are ready for trial, postreadiness delay is chargeable to them only "when the delay is attributable to their inaction and directly implicates their ability to [*2]proceed" (People v Carter, 91 NY2d 795, 799). The defendant has the burden of demonstrating that any postreadiness delays should be charged to the People (see People v Cortes, 80 NY2d 201, 215; People v Beasley, 69 AD3d 741, 743, affd 16 NY3d 289; People v Brewer, 63 AD3d 402, 403). Here, the defendant essentially challenges the Supreme Court's conclusion that postreadiness rules are applicable because the December 30, 2009, statement of readiness was illusory. Thus, according to the defendant, the People should be charged with more than two years of delay. However, the basis of that challenge, stemming from the special assistant district attorney's purported lack of authority to present this case to the grand jury, is without merit.
"To be effective, a statement of readiness must be communicated . . . at a time when the People are truly ready to proceed" (People v Carter, 91 NY2d at 798; see People v McCarthy, 146 AD3d 983). "A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4). The People's statement of readiness is presumed to be correct, "[i]n the absence of proof that the readiness statement did not accurately reflect the People's position" (People v Carter, 91 NY2d at 799). Here, there is no evidence in the record that the People's announcement of readiness on December 30, 2009, was not made in good faith or did not reflect an actual present state of readiness (see People v McCarthy, 146 AD3d at 984). Contrary to the defendant's contention, People v Del Col (88 AD3d 737) is distinguishable and does not warrant a contrary result. In Del Col, the County Court properly determined, under the circumstances of that case, that the District Attorney lacked the authority to appoint the prosecutor who presented the subject charges to the grand jury. Here, in contrast, under the circumstances of this case, the prosecutor who presented this case to the grand jury was properly appointed and did not lack authority to so present to the grand jury (see People v Ramos, 34 Misc 3d 914 [Sup Ct, Kings County]).
Inasmuch as the total time chargeable to the People did not exceed 183 days, we agree with the Supreme Court's determination to deny the defendant's motions pursuant to CPL 30.30 to dismiss the indictment (see People v Barnes, 160 AD3d 890, 890).
As the defendant correctly concedes, his challenge to the legal sufficiency of the evidence is unpreserved for appellate review, because defense counsel never moved for a trial order of dismissal (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5], People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that his defense counsel's failure to make a motion for a trial order of dismissal amounts to ineffective assistance of counsel is without merit, as "defense counsel cannot be deemed ineffective for failing to make a meritless motion" (People v Meslin, 201 AD2d 744, 744).
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court