People v Feliz (2022 NY Slip Op 01253)





People v Feliz


2022 NY Slip Op 01253


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


SCI No. 1768/16 Appeal No. 15369 Case No. 2018-2188 

[*1]The People of the State of New York, Respondent,
v
Juan Feliz, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alma D. Gonzalez of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (John T. Komondorea of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Julio Rodriguez, III, J.), rendered November 7, 2016, convicting defendant, upon his plea of guilty, of criminal sexual act in the first degree, and sentencing him to a term of eight years, unanimously affirmed.
Defendant pleaded guilty to a felony, pursuant to a superior court information, in a court with appropriate jurisdiction over such matters. The proceedings at issue took place in a hybrid court with jurisdiction over both Supreme Court and Criminal Court matters (see e.g. People v Rodriguez, 151 AD3d 580 [1st Dept 2017], lv denied 29 NY3d 1133 [2017]). By being assigned to a hybrid part, the Justice presiding therein was appointed a de facto Supreme Court Justice with regard to Supreme Court matters, such as defendant's, while remaining a Criminal Court Judge for Criminal Court matters, and there is thus no basis for invalidating defendant's conviction (see People v Campos, 239 AD2d 185 [1st Dept 1997], lv denied 90 NY2d 902 [1997]). Defendant lacks standing to object to any defects or delays in the internal administrative process for designating the Justice as an acting Supreme Court Justice (see Sylvia Lake Co. v Northern Ore Co., 242 NY 144, 147 [1926], cert denied 273 US 695 [1926]; Curtin v Barton, 139 NY 505, 511 [1893]; People ex rel. Devine v Scully, 110 AD2d 733, 734 [2d Dept 1985]).
The record sufficiently establishes that defendant's waiver of indictment and prosecution by superior court information satisfied the requirement that a "criminal court has held the defendant for the action of a grand jury" (CPL 195.10). Defendant, through counsel, waived his right to a felony complaint hearing (see e.g. People v Glassner, 193 AD3d 1182, 1184 [3d Dept 2021], lv denied 37 NY3d 956 [2021]). "[N]othing in the record calls into question the effectiveness of defendant's waiver as announced by counsel" (People v Velasquez, 1 NY3d 44, 49-50 [2003]). Moreover, defendant has not shown that waiving a case to the grand jury is one of the fundamental decisions to be made by a defendant, personally (see People v Hogan, 26 NY3d 779, 785-787 [2016]). We note that here, waiving the case to the grand jury was simply a step toward obtaining a favorable negotiated disposition. The court then transferred the case from its Criminal Court capacity to its Supreme Court capacity, thereby ordering defendant held for grand jury action (see People v Cicio, 157 AD3d 651 [1st Dept 2018], lv denied 31 NY3d 982 [2018]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record. Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards relating to guilty pleas (see generally People [*2]v Ford, 86 NY2d 397, 404 [1995]; Hill v Lockhart, 474 US 52, 59 [1985]). Counsel obtained a favorable disposition in a case where defendant's sex crime against a child was fully captured on videotape and defendant did not appear to have any defense to the charges. It is also clear from the record that counsel discussed with defendant his appeal waiver and any potential defenses.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 561-562 [2019], cert denied 589 US , 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence, including the 20-year term of postrelease supervision. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022