Matter of Gonzalez v Hecht (2025 NY Slip Op 01927)

Matter of Gonzalez v Hecht

2025 NY Slip Op 01927

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-13562

[*1]In the Matter of Eric Gonzalez, etc., petitioner,
v
John T. Hecht, etc., et al., respondents.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Avshalom Yotam of counsel), petitioner pro se.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondent John T. Hecht, a Justice of the Supreme Court, Kings County, from enforcing an order of the Supreme Court, Kings County, dated September 9, 2024, issued in an action entitled People v Kamenev, pending in that court under Indictment No. 9122/11, disqualifying Joshua Charlton from serving as an assistant district attorney in that case.
ADJUDGED that the petition is granted, without costs or disbursements, and the respondent John T. Hecht, a Justice of the Supreme Court, Kings County, is prohibited from enforcing the order dated September 9, 2024, issued in the action entitled People v Kamenev, pending in the Supreme Court, Kings County, under Indictment No. 9122/11, disqualifying Joshua Charlton from serving as an assistant district attorney in that case.
The petitioner, Eric Gonzalez, the Kings County District Attorney, commenced this proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the enforcement of an order dated September 9, 2024, issued by the respondent John T. Hecht, a Justice of the Supreme Court, Kings County, disqualifying Joshua Charlton from serving as an assistant district attorney in an action entitled People v Kamenev in the Supreme Court, Kings County, under Indictment No. 9122/11 (hereinafter the underlying criminal matter) on the ground that Justice Hecht exceeded his judicial authority in doing so.
"A writ of prohibition is an extraordinary remedy available only where there is a clear legal right to such relief and only when a court (if a court is involved) acts or threatens to act without jurisdiction or, as relevant here, exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of Maria S. v Tully, 214 AD3d 988, 989 [internal quotation marks omitted]; see Matter of Holtzman v Goldman, 71 NY2d 564, 569). Prohibition does not lie to correct a mere error of law, however egregious the error and however cleverly it may be characterized as an excess of jurisdiction or power (see Matter of Rush v Mordue, 68 NY2d 348, 353). Thus, when a petitioner seeks relief in the nature of prohibition, "the court must make a two-tiered analysis. It must first determine whether the issue presented is the type for which the remedy may be granted and, if it is, whether prohibition is warranted on the merits of the claim" (Matter of Holtzman v Goldman, 71 NY2d at 568).
The order disqualifying Charlton from prosecuting the underlying criminal matter is subject to prohibition for exceeding the Supreme Court's authorized powers (see Matter of Sedore v Epstein, 56 AD3d 60, 63; Matter of Dillon v Kowtna, 270 AD2d 219; Matter of Morgenthau v [*2]Altman, 207 AD2d 685).
Further, the record before us demonstrates that the petitioner duly appointed Charlton as an assistant district attorney to prosecute the retrial of the underlying criminal matter pursuant to County Law § 702 (see People v Ramos, 34 Misc 3d 914 [Sup Ct, Kings County]). While the petitioner's letter of appointment for Charlton used the title "special assistant district attorney," Charlton was clearly not a "special district attorney" within the meaning of County Law § 701, since he was appointed to work for the petitioner in the same manner as his fellow assistant district attorneys, as also indicated by his oath of office card, under the direct supervision of a designated bureau chief (see id.; cf. People v Del Col, 88 AD3d 737). Additionally, there is no suggestion in the record of any appearance of impropriety or a conflict of interest that would otherwise support disqualifying Charlton from serving as an assistant district attorney in the underlying criminal matter (see generally Matter of Shumer v Holtzman, 60 NY2d 46, 54-55).
Accordingly, we conclude that the Supreme Court exceeded its authority by disqualifying Charlton from serving as an assistant district attorney in the underlying criminal matter and therefore, grant the petition.
DUFFY, J.P., WARHIT, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court